### BERNZWEIG v. ZWISOHN.

#### (Supreme Court, Appellate Term. January 17, 1905.)

1. SALE—RECOVERY OF DEPOSIT.

The writing signed by the parties, reciting: "This agreement is made between Z. and B. The party of the first part sells the property * * * to the party of the second part for $8,150. A deposit of $100 by check and the balance of $1,050 to be paid on taking title within 30 days. The party of the first part agrees to take a bond and mortgage on the property for $2,000 at 6 per cent. per annum"—is an agreement binding on both parties, so that the vendee cannot recover the deposit on the ground that a later agreement was to be signed, but only in case of refusal of the vendor to complete the sale.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Pauline Bernzweig against Esther Zwisohn. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Samson Friedlander, for appellant.

Joseph Wilkenfeld, for respondent.

MacLEAN, J. On May 2, 1904, the plaintiff and the defendant subscribed the following writing:

"This agreement is made between Esther Zwisohn of New York, and Pauline Bernzweig, of New York. The party of the first part sells the property, 334 East 78th St. to the party of the second part for the sum of Eight thousand and one hundred and fifty doll. ($8,150.00). A deposit of One hundred doll. by check, and the balance of One thousand and fifty Doll. to be paid on taking title within thirty days. The party of the first part agrees to take a bond and mortgage of the second part on the property for the sum of $2000. Two thousand Doll., at the rate of 6% per annum."

Thereafter plaintiff sought recovery of the sum deposited, and evidence pro and con that the writing was tentative to a later agreement, to be executed, was received. Whether or no a later agreement was to be signed by the parties is quite immaterial. The writing mutually subscribed being an agreement binding upon both parties, recites a sale, sufficiently including a declaration of purchase (Butler v. Thomson, 92 U. S. 412, 23 L. Ed. 684), and so

testified the plaintiff upon the trial that she bought the house. The right to recover back her deposit pends upon the refusal of the defendant to complete, and this was not shown. The cause must therefore be retried.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.